UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL E. SIMPSON** | **CASE NO:** |
| **versus** | **JUDGE:** |
| **OXGORD INCORPORATED** | **MAGISTRATE JUDGE:** |

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes petitioner, MICHAEL E. SIMPSON, individual of the full age of majority and domiciled in the Parish of East Baton Rouge, Louisiana, who files this petition for damages and respectfully represents the following:

### 1. DEFENDANT

1.1   The following party is made defendant herein:

(a)   Defendant **OXGORD INCORPORATED** (hereafter sometimes referred to as "Oxgord") is a California corporation, whose registered agent for service of process is Yehuda Nourollah, 16325 S. Avalon Blvd., Gardena, CA 90248.

1.2   The defendant is justly and truly indebted to petitioner for damages, injuries and losses that the petitioner has sustained, together with legal interest from the date of judicial demand, for all costs of these proceedings, and for general and equitable relief, for the following reasons, to-wit:

### 2. VENUE AND JURISDICTION

2.1   Jurisdiction is proper in the United States District Court, Middle District of Louisiana, pursuant to 28 U.S. Code § 1332(a)(1), because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

2.2     Venue is proper in the United States District Court, Middle District of Louisiana, pursuant to 28 U.S. Code § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in East Baton Rouge Parish.

### 3. FACTS

3.1     The Oxgord Heavy Duty Aluminum Folding Scaffold Work Ladder (bearing model number LDAL-FD01-15; hereafter sometimes referred to as the "subject ladder") was designed, manufactured, assembled, marketed and sold by defendant Oxgord Incorporated.

3.2     On or about March 27, 2016, Michael E. Simpson purchased the subject ladder from www.walmart.com; shortly thereafter, the subject ladder was delivered to his home.

3.3     On or about June 5, 2018, Michael E. Simpson was safely and prudently using the subject ladder in the fully extended and locked position to change a lightbulb in his RV garage, when the side rail of the subject ladder suddenly and unexpectedly broke.

3.4     As a result of the sudden and unexpected failure of the subject ladder, Michael E. Simpson plummeted to the ground and shattered his lower right leg.

3.5     From the date of purchase to the date of the incident in question, Michael E. Simpson properly stored the subject ladder inside his home and away from the elements.

### 4. CAUSES OF ACTION AGAINST OXGORD INCORPORATED ("OXGORD")

**A.     Violations of the Louisiana Products Liability Act – Defective Construction and Composition**

4.1     Defendant Oxgord designed, manufactured, assembled, marketed and sold the Oxgord Heavy Duty Aluminum Folding Scaffold Work Ladder (bearing model number LDAL-FD01-15; hereafter sometimes referred to as the "subject ladder").

4.2     The subject ladder was defective in construction and composition, which made the product unreasonably dangerous to the user.

4.3     Specifically, the side rail of the subject ladder was defective in construction and composition, which made the product unreasonably dangerous to the user.

4.4     More specifically, the side rail of the subject ladder was constructed in such a way that made it prone to failure when used in a safe and prudent manner, which made the product unreasonably dangerous to the user.

4.5     These defects existed at the time the subject ladder left the control of defendant Oxgord.

4.6     At the time the subject ladder left the control of defendant Oxgord, the subject ladder deviated in a material way from the manufacturer's specifications and/or performance standards for the ladder and/or from otherwise identical ladders manufactured by defendant Oxgord.

4.7     At the time of the incident in question, the subject ladder was in substantially the same condition as it was when it was placed into the stream of commerce by defendant Oxgord.

4.8     The unreasonably dangerous defects in construction and composition were a substantial cause of the injuries and damages sustained by Michael E. Simpson.

4.9     Defendant Oxgord placed the subject ladder on the market with knowledge that it would be used without inspection for defects and dangers in construction and composition.

4.10    Defendant Oxgord knew or should have known that the user would not and could not properly inspect the subject ladder for defects and dangers in construction and composition, and that detection of such defects and dangers in construction and composition would be beyond the capacities of such persons.

4.11    The subject ladder was defective and unreasonably dangerous to the user when sold and distributed by defendant Oxgord.

       **B.**     **Violations of the Louisiana Products Liability Act – Breach of Express Warranties**

4.12    Defendant Oxgord sold the subject ladder in a defective and unreasonably dangerous condition, which breached express warranties.

4.13    Defendant Oxgord breached its duty of reasonable care owed to Michael E. Simpson in one or more of the following ways:

    (a)    Failing to manufacture the subject ladder to perform as safely as an ordinary consumer would expect under normal and ordinary use;

    (b)    Manufacturing the subject ladder in a way that made it prone to failure when used in a safe and prudent manner;

    (c)    Failing to warn users of the subject ladder of the defect in construction and composition.

4.14    This breach of express warranties was a substantial cause of the injuries and damages sustained by Michael E. Simpson.

**C.    Violations of the Louisiana Products Liability Act – Inadequate Warning**

4.15    Both prior to and subsequent to the sale of the subject ladder, defendant Oxgord designed, manufactured, assembled, marketed and sold the subject ladder with inadequate warnings.

4.16    Specifically, the ladder vehicle had absolutely no warnings on it concerning the likelihood of the ladder failing when used in a safe and prudent manner.

4.17    The defects in the warnings existed at the time the subject ladder left the control of defendant Oxgord.

4.18    The likelihood and gravity of danger associated with the subject ladder, and the feasibility of adding the proper warnings, far outweighed the ability of the user to anticipate the risk.

4.19    The inadequate warnings were a substantial cause of the injuries and damages sustained by Michael E. Simpson.

4.20    The injuries and damages sustained by Michael E. Simpson because of the defective and unreasonably dangerous nature of the subject ladder arose from the reasonably anticipated use and/or a reasonably anticipated alteration or modification of the subject ladder.

### D.    Negligence

4.21    Defendant Oxgord failed to use ordinary care in the design, manufacture, assembly and sale of the subject ladder.

4.22    Specifically, the subject ladder was designed, manufactured, assembled and sold with a defective side rail that made the subject ladder prone to failure when used in a safe and prudent manner.

4.23    Specifically, defendant Oxgord knew or should have known that the side rail of the subject ladder was defective and prone to failure when used in a safe and prudent manner.

4.24    Further, defendant Oxgord failed to issue any warnings to the petitioner, or to the public in general.

4.25    Petitioner sets forth the following claims of negligence and/or legal fault against defendant Oxgord, in the following particulars, but not exclusively limited thereto:

    (a)    Designing, manufacturing, assembling and selling a ladder with known defects;

    (b)    Choosing not to fully and accurately disclose the defects to users of the subject ladder;

    (c)    Failing to warn users of the subject ladder of the dangers and risks associated with the subject ladder;

    (d)    Failing to provide a safe ladder to the user;

  (e) Failing to conduct reasonable testing and inspection of the subject ladder prior to placing it in the stream of commerce;

  (f) Failing to exercise reasonable care in the designing, manufacturing, assembling and selling of the subject ladder;

  (g) Any and all other acts of negligence and/or legal fault, which will be proven at a trial on the merits.

4.26 These acts of negligence, individually and/or collectively, were a producing and proximate cause of the injuries and damages sustained by petitioner.

**E. Misrepresentations**

4.27 Defendant Oxgord misrepresented the character and quality of the subject ladder.

4.28 Defendant Oxgord is guilty of misrepresentation by advertising, labels and otherwise made to the user.

4.29 Defendant Oxgord is guilty of misrepresentations of material fact concerning the safety of its ladder in general and of the subject ladder in particular.

4.30 Such misrepresentations were justifiably relied upon.

## 5. DAMAGES

5.1 As a proximate result of the fault of the defendant and its acts and omissions as alleged above, and because of the harm and injury to petitioner, pursuant to Louisiana Civil Code Article 2315, petitioner prays for recovery and reimbursement for the following items of damage suffered:

  (a) Physical pain, suffering and distress, past, present and future;

  (b) Mental pain, suffering and distress, past, present and future;

  (c) Loss of wages and/or earning capacity, past, present and future;

  (d) Medical expenses, past, present and future;

    (e)    Loss of enjoyment of life, past, present and future;

    (f)    Permanent scarring and disfigurement;

    (g)    Permanent disability;

    (h)    Loss of consortium, past, present and future;

    (i)    Judicial interest from the date of demand;

    (j)    All other items of damage that may be recoverable.

5.2    Damages exceed seventy-five thousand dollars ($75,000.00).

5.3    Damages exceed the threshold requirement for a trial by jury; accordingly; petitioner hereby prays for a trial by jury.

## 6. PRAYER

WHEREFORE, petitioner MICHAEL E. SIMPSON prays as follows:

(a)    That defendant OXGORD INCORPORATED be served with a copy of this petition and cited to appear and answer;

(b)    That, after the lapse of all legal delays and due proceedings are had, that there be a judgment rendered in favor of petitioner and against defendant OXGORD INCORPORATED; and

(c)    That petitioner be awarded all damages as described more fully above, with legal interest from the date of judicial demand until paid, court costs, and all other just and equitable relief as the nature and equity of the case may permit or require.

Respectfully Submitted,

Joseph E. Ritch (#35414)
**ELLIOTT & RITCH, LLP**
321 Artesian St.
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003

Email: jritch@elliottritch.com

By: ____*/s/ Joseph E Ritch*____
         Joseph E. Ritch (#35414)


**PLEASE SERVE CITATION AND ORIGINAL PETITION UPON THE FOLLOWING DEFENDANT(S):**

**OXGORD INCORPORATED**
By and through its registered agent for service of process:
Yehuda Nourollah
16325 S. Avalon Blvd.
Gardena, CA 90248