UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL E. SIMPSON | CIVIL ACTION |
| VERSUS | |
| OXGORD INCORPORATED | NO. 19-151-JWD-RLB |

**ORDER**

Before the Court is Plaintiff's Motion to Extend Deadlines. (R. Doc. 40). The motion is opposed. (R. Doc. 43). Plaintiff filed a Reply. (R. Doc. 57).

Also before the Court is Plaintiff's Motion for Leave to File Amended Complaint. (R. Doc. 41). The motion is opposed. (R. Doc. 44). Plaintiff filed a Reply. (R. Doc. 52).

**I.  Background**

In this products liability action filed on March 14, 2019, Michael E. Simpson ("Plaintiff") seeks recovery of alleged damages incurred when an Oxgord Heavy Duty Aluminum Folding Scaffold Work Ladder (the "subject ladder") purchased online at www.walmart.com allegedly malfunctioned and caused him personal injuries. (R. Docs. 1, 7). Plaintiff alleges that the ladder was designed, manufactured, assembled, marketed and sold by the defendant Oxgord Incorporated ("Oxgord" or Defendant). (R. Doc. 7 at 2). In its answer, Oxgord specifically denied that it manufactured the subject ladder. (R. Doc. 16 at 2). Oxgord did not, however, deny the allegations that it marketed and sold the subject ladder.

The Court issued a Scheduling Order setting various deadlines, including the deadlines to provide initial disclosures on August 22, 2019, amend the pleadings on October 26, 2019, and complete non-expert discovery by April 3, 2020. (R. Doc. 23). Trial is set to commence on March 8, 2021.

Jury

On April 14, 2020, the parties filed a Joint Motion to Extend Deadlines and Set Scheduling Conference to Reset Pretrial Conference and Trial Date Due to Extension of Deadlines. (R. Doc. 32). Within the motion, the parties requested an eight-month extension of time and for the Court to set a scheduling conference to reset the pretrial and trial deadlines. The basis for the request only referenced the current COVID-19 pandemic. In granting the motion in part, the Court extended the expired deadline to complete non-expert discovery but noted that the extension did not provide "an opportunity to contest or challenge discovery that should have occurred in the 7 months since the issuance of the scheduling order. Any motions pertaining to discovery will be considered untimely and the parties must address in any such motion why it should be considered by the Court." (R. Doc. 33 at 2). The Court set new deadlines, including a deadline to complete non-expert discovery by July 2, 2020, but did not reset the trial date. (R. Doc. 33 at 3).

Plaintiff filed the instant Motion to Extend Deadlines (R. Doc. 40) on June 29, 2020, and the instant Motion for Leave to File Amended Complaint (R. Doc. 41) on July 1, 2020.

Plaintiff first requests a continuation of the non-expert discovery deadline because he was not available for his deposition noticed for June 23, 2020 in light of his wife's surgery. (R. Doc. 40 at 1). Oxgord represents that the issue of Plaintiff's deposition is moot because the parties consented to reschedule the deposition to take place on July 20, 2020. (R. Doc. 43 at 2).

More substantively, Plaintiff seeks an extension of the discovery deadline in light of discovery obtained in June of 2020 and Plaintiff's concurrent request to amend the pleadings to name three additional defendants: Day to Day Imports, Inc. ("Day to Day Imports"); Ningbo Fanhao International Trading Company, Ltd. ("Ningbo Fanhao"); and Virgin Scent, Inc. ("Virgin Scent"). Plaintiff asserts that the foregoing entities were not identified as potential parties in

Oxgord's initial disclosures, and their identities were obtained in responses to written discovery requests and deposition testimony.

Plaintiff has submitted a copy of Oxgord's initial disclosures provided on August 22, 2019. (R. Doc. 41-1). Oxgord's initial disclosures identified the following individuals (all brothers) as its "agents and representatives":

> Akiva Nourollah
> CEO – Day To Day Imports, Inc.
> 16325 South Avalon Blvd.
> Gardena, CA 90248
>
> Yaakov Nourollah
> Operations – Oxgord Incorporated
> 16325 South Avalon Blvd.
> Gardena, CA 90248
>
> Yehuda Nourollah
> CEO – Oxgord Incorporated
> 16325 South Avalon Blvd.
> Gardena, CA 90248

(R. Doc. 41-1 at 1). Oxgord's initial disclosures also provide that it had in its possession, custody, or control documents regarding the subject ladder, including documentation pertaining to its sale, purchase, and manufacture. (R. Doc. 57-1 at 2-3). Oxgord's initial disclosures did not identify the manufacturer of the subject ladder.

On October 24, 2019, Plaintiff served Interrogatories, Requests for Production, and Requests for Admissions upon Oxgord. (R. Doc. 40-2). Plaintiff again sent the discovery requests to Oxgord on February 4, 2020. (R. Doc. 40-3). Oxgord finally provided its responses on June 15, 2020. (R. Doc. 40-4). Plaintiff did not file a motion to compel seeking production of the untimely responses.

In its responses, Oxgord identified Ningbo Fanhao as the manufacturer of the subject ladder and stated that it did not have documents in its possession, custody, or control concerning

the design, manufacture, marketing or sale of the subject ladder. (*See* R. Doc. 40-4). Oxgord represented that it did not design, manufacture, galvanize or sell the subject ladder. (R. Doc. 40-4 at 7, 18). Oxgord further provided that it "does not have a contract and/or agreement with Wal-Mart." (R. Doc. 40-4 at 12). Oxgord did not identify Day to Day Imports in its written discovery responses.

Plaintiff deposed Yaakov Nourollah and Yehuda Nourollah. According to Plaintiff, Yehuda Nourollah testified as Oxgord's Rule 30(b)(6) representative on June 26, 2020, and testified that "he owned Day to Day Imports, Inc. as well as Oxgord Incorporated and that both these entities use the same address location and that they share the same phone system to handle calls." (R. Doc. 41 at 3). On June 22, 2020, Yaakov Nourollah testified that he works for a company called Virgin Scent, and that he was "pretty sure" his brothers owned Oxgord and Day to Day Imports but he could not recall whether he had worked for either company. (R. Doc. 52-3 at 7-11). Yaakov Nourollah further testified that "I just get my money in the bank, and I don't really pay attention to where – you know, it's – I'm working with family as long as the money is coming into the account, I really don't pay attention." (R. Doc. 52-3 at 11).

Among other things, Plaintiff now seeks to allege that "Day to Day Imports, Inc.; Virgin Scent, Inc. and Ningbo Fanhao International Trading Co., Ltd. are in reality not a separate and distinct entity from Oxgord Incorporated but rather are an alter ego, agent, tool or instrumentality of Oxgord Incorporated," and, therefore, form a joint enterprise. (R. Doc. 41-5 at 8-9).

In opposing the motions, Oxgord argues that in its initial disclosures it identified Day to Day Imports as an entity likely to have discoverable information, but Plaintiff did not seek any third-party discovery from that entity. (R. Doc. 43 at 3). Oxgord further argues that because the discovery requests were served just three days before the deadline to join other parties or to

amend the pleadings, and Plaintiff has not otherwise been diligent in completing discovery, Plaintiff has not established good cause to obtain leave to file an amended pleading or seek additional discovery. (R. Doc. 43 at 3-4). Oxgord notes that its answer provided on June 14, 2019, alerted Plaintiff that Oxgord did not manufacture the subject ladder. (R. Doc. 44 at 2). Finally, Oxgord argues that amendment should be denied because Plaintiff's joint enterprise allegations are futile. (R. Doc. 44 at 5-6).

In reply, Plaintiff asserts that "[o]ther than one insurance policy there has been zero documents produced by Defendant Oxgord concerning the ladder, it's sale, it's manufacture, it's design, it's testing or even its import, despite the fact that both Oxgord and Day to Day Imports are owned by the same people, in the same office, same address, and use the same phone system, etc." (R. Doc. 52 at 4). Plaintiff further notes, among other things, "relied on the initial disclosures served by this Defendant in this case that turned out to be false and incomplete." (R. Doc. 57 at 4).

## II. Law and Analysis

### A. Legal Standards

After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *Id*. at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for

leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See id*. (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enter.*, 315 F.3d at 536.

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist*., 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would

fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

**B.   Analysis**

Having considered the record and the arguments of the parties, the Court finds good cause to allow Plaintiff to file the Second Amended Complaint for Damages (R. Doc. 41-5) into the record to name Day to Day Imports, Virgin Scent, and Ningbo Fanhao as defendants in this action. The record indicates that Plaintiff served its written discovery requests upon Oxgord on October 24, 2019 soon after receiving Oxgord's initial disclosures. Oxgord did not provide its responses until June 15, 2020. A review of the responses provided indicate that contrary to the representations in Oxgord's initial disclosures, Oxgord does not in fact have possession, custody, or control of documents concerning the subject ladder. (R. Doc. 40-4; R. Doc. 40-1 at 2-3).

Plaintiff's explanation for now seeking leave to amend the pleadings to name new defendants given the receipt of the forgoing written discovery responses and deposition testimony support a finding of good cause for both amendment and modification of the deadlines in this action. While Plaintiff should have filed a timely motion to compel to the extent Oxgord failed to provide timely responses, the record contains no explanation why Oxgord waited until June 15, 2020 to provide its responses to written discovery served nearly eight months earlier. Plaintiff filed the instant motions within weeks of obtaining Oxgord's written responses and taking the depositions of Yaakov Nourollah and Yehuda Nourollah. Unlike the parties' earlier Joint Motion to Extend Deadlines (R. Doc. 32), which sought an order extending the deadlines based solely on the current COVID-19 pandemic, the instant motions collectively seek an extension of the deadlines to identify new defendants and to conduct relevant discovery with

respect to those defendants. These requests are based on information recently obtained by Plaintiff.

The amendment is important to Plaintiff to ensure the proper defendants are named in this products liability action. Oxgord asserts that Plaintiff should have determined that Day to Day Imports is a proper defendant in light of the initial disclosure of Akiva Nourollah (CEO of Day to Day Imports) as a person with relevant information. While Plaintiff could have served a subpoena on Akiva Nourollah, the fact remains that the actual defendant – Oxgord – did not provide responses to written discovery until June 15, 2020.[1]

Oxgord argues that an action against Virgin Scent is futile because it "has nothing to do with this litigation other than the fact that it shares a building space with other companies." (R. Doc. 44 at 6). While Virgin Scent (like Day to Day Imports) may ultimately succeed in having any claims brought against it dismissed, given the record that issue is best addressed in a dispositive motion before the district judge.[2]

Finally, Oxgord argues that adding Ningbo Fanhao as a defendant in the action would result in undue delays because of the time needed to serve and obtain discovery from an entity located in China. (R. Doc. 44 at 6). To be clear, Plaintiff sought the identity of the manufacturer of the subject ladder in its written discovery served on October 24, 2019, and Oxgord waited until June 15, 2020 to provide that information in its discovery responses. Accordingly, any

---

[1] That Oxgord is not being forthright with respect to the role of Day to Day Imports with respect to the marketing and sale of the subject ladder is underscored by the fact that Oxgord's responses to the written discovery requests do not mention Day to Day Imports at all.

[2] Plaintiff makes no specific arguments with respect to the addition of Virgin Scent as a defendant. Given the identification of Yaakov Nourollah as an employee in "Operations" for Oxgord and Yaakov Nourollah's own confusion with respect to whether he has ever worked for Oxgord, the Court finds good cause to allow Plaintiff to amend the pleadings to name Virgin Scent as a defendant. The Court does not, however, issue any opinion with respect to the merits of Plaintiff's claims against Virgin Scent.

delay in obtaining the identity of the manufacturer of the subject ladder is attributable to Oxgord and has no bearing on the importance of the addition of Ningbo Fanhao as a defendant.

The Court finds the potential prejudice to Oxgord to be minimal and any such potential prejudice is cured by the continuance of the trial date. Given that the parties had jointly sought an extension of the non-expert discovery deadline to December 3, 2020 and a continuance of the trial date, the Court rejects Oxgord's arguments with respect to potential prejudice caused by delays related to adding new defendants. When the Court issued its previous order denying a continuance of the trial date it was unaware that Oxgord had failed to provide timely discovery responses and failed to identify the manufacturer of the subject ladder in its initial disclosures.

### III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (R. Doc. 41) is **GRANTED**, and Plaintiff's Second Amended Complaint for Damages (R. Doc. 41-5) shall be entered into the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Deadlines (R. Doc. 40) is **GRANTED.** The remaining deadlines in the Scheduling Order (R. Docs. 23, 33), including the trial date, are **VACATED**. **Plaintiff** shall submit a Joint Status Report seeking new deadlines and/or providing an update on the service on the new defendants, on or before **September 30, 2020**. The Court will issue an appropriate order at that time.

Signed in Baton Rouge, Louisiana, on August 25, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**